People v Walker

2026 NY Slip Op 02523

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

TERRELL L. WALKER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

154 KA 21-00656

Present: Bannister, J.P., Montour, Smith, Greenwood, And Nowak, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 26, 2021. The appeal was held by this Court by order entered June 14, 2024, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (228 AD3d 1318 [4th Dept 2024]). The proceedings were held and completed.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). We previously held this case, reserved decision, and remitted the matter to County Court to determine defendant's motion to dismiss the indictment on statutory speedy trial grounds by ruling on the outstanding issues whether the People were required, pursuant to CPL 245.20 (2), to exercise due diligence to obtain transcripts or recordings from the refusal hearing of the Department of Motor Vehicles that were not in their possession and, if so, whether the People made reasonable efforts to comply with the statutory directives and made reasonable inquiries to ascertain the existence of material and information subject to discovery, as well as whether defendant's motion to dismiss was untimely (People v Walker, 228 AD3d 1318, 1320 [4th Dept 2024]). Upon remittal, the court denied the motion. We affirm.

We reject defendant's contention on resubmission that the court erred in denying his motion to dismiss the indictment. Here, the transcripts or recordings in question were not "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]; see Walker, 228 AD3d at 1320) and did not qualify as "items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency" that must be "deemed to be in the possession of the prosecution" (CPL 245.20 [2]). Thus, they were not part of the "discovery required by [CPL 245.20 (1)]" to be provided by the People as a predicate for filing a proper certificate of compliance (COC) (CPL 245.50 [1]), and the People were not required to "make a diligent, good faith effort to ascertain the existence" of the transcripts or recordings and cause them to be made available for discovery (CPL 245.20 [2]). Inasmuch as the People's failure to provide the transcripts or recordings at the time they served and filed their COC or to exercise due diligence to obtain them did not render the COC improper, the People's statement of trial readiness pursuant to CPL 30.30 was not illusory, and defendant's statutory right to a speedy trial was not violated on that ground (see People v Radford, 237 AD3d 1511, 1512 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]; People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]).

In light of our determination, we do not reach defendant's remaining contentions.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court